**The STATE of Texas**

v.

**Sharon Duke VOGEL.**

**No. 05–92–00406–CR.**

Court of Appeals of Texas, Dallas.

Dec. 16, 1992.

Discretionary Review Refused April 7, 1993.

James M. Murphy, Dallas, for appellant.

Doris Berry, McKinney, for appellee.

Before ENOCH, C.J., and CARVER [1] and SPURLOCK [2], JJ.

## OPINION

ENOCH, Chief Justice.

Sharon Duke Vogel, appellee, is charged with the misdemeanor offense of driving while intoxicated. Appellee's motion to suppress was heard by the trial court which granted appellee's motion in part and denied it in part. The State appeals the trial court's ruling granting the motion in part and raises two points of error: (1) that the appellee failed to meet her burden to show a causal connection between the failure to take appellee before a Collin County magistrate and appellee's statements made on videotape after appellee's arrest; and (2) that the trial court erred by granting appellee an equitable remedy to an alleged violation of article 14.06 of the Texas Code of Criminal Procedure. Appellee brings a cross-point dealing with the denial of her motion to suppress in part by the trial court.

---

[1] The Honorable Spencer Carver, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

[2] The Honorable Joe Spurlock, II, Justice, Court of Appeals, Second District of Texas at Fort Worth, Retired, sitting by assignment.

## Facts

On February 21, 1991, in the early hours of the morning, appellee was arrested by Officer Charles Avery of the Dallas Police Department for the offense of driving while intoxicated. Appellee failed four field sobriety tests conducted by Avery. The arrest occurred within the Dallas city limits but within Collin County which borders Dallas County. In accordance with Dallas Police Department policy, appellee was taken to Lew Sterrett Criminal Justice Center in Dallas County.

After arriving at Lew Sterrett, appellee was taken to the video room where she was "Mirandized",[3] videotaped, and asked questions about her activities earlier that evening. Appellee waived her rights under *Miranda* and refused a request to take a breathalyzer test. Approximately four hours after she was arrested, appellee was taken before a Dallas County magistrate. Appellee was never taken before a Collin County magistrate.

At a motion-to-suppress hearing, appellee sought to suppress everything that occurred in Dallas County following the arrest because the police failed to take appellee before a Collin County magistrate. During the hearing, the trial court found this failure was a violation of article 14.06 of the Texas Code of Criminal Procedure and, as an equitable remedy, suppressed the audio portion of the videotape made at Lew Sterrett.

### A. Failure to Take Before Collin County Magistrate

In its first point of error, the State contends that appellee failed to meet her burden to show a causal connection between the failure to take appellee before a Collin County magistrate and appellee's statements made on videotape after her arrest. The State further argues there is no showing that the validity of any admissions or statements made by the appellee was af-

fected. Therefore, the trial court erred in suppressing the audio portion of the videotape. We agree.

### 1. Standard of Review

■ Because the trial court is the sole trier of fact at a hearing on a motion to suppress, this court is not at liberty to disturb any finding that is supported by the record. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.), *cert. denied*, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). At trial, the determination of admissibility of evidence is within the sound discretion of the trial court, and such determination will not be reversed unless a clear abuse of discretion is shown by the complainant. *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim.App.1986).

### 2. Applicable Law

■ There are no cases in Texas concerning the particular issue in the instant case. However, there is case law pertaining to an accused not being taken before a magistrate. Article 14.06 of the Texas Code of Criminal Procedure states:[4]

> In each case enumerated in this Code, the person making the arrest shall take the person arrested or have him taken without unnecessary delay before the magistrate who may have ordered the arrest, before some magistrate of the county where the arrest was made without an order, or, if necessary to provide more expeditiously to the person arrested the warnings described by Article 15.17 of this Code, before a magistrate in a county bordering the county in which the arrest was made. The magistrate shall immediately perform the duties described in Article 15.17 of this Code.

The purpose of article 14.06 is to insure that the accused is presented before a magistrate to receive the article 15.17 warnings. Where there is a failure to carry an

---

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. We are aware article 14.06 was amended, effective September 1, 1991. Since the offense in the instant case occurred on February 21, 1991,

the amendment does not apply. *See* Tex.Code Crim.Proc.Ann. art. 14.06 historical and statutory notes (Vernon Supp.1992) [Act of May 12, 1991, 72nd Leg., R.S., ch. 84, § 2, 1991 Tex.Gen.Laws 883, 883].

accused before a magistrate, a confession will be vitiated only when there is a causal connection between such failure and the making of the confession. *Williams v. State,* 692 S.W.2d 671, 675–76 (Tex.Crim. App.1984); *Niehouse v. State,* 761 S.W.2d 491, 493 (Tex.App.—Dallas 1988, no pet.). The burden is on the defendant to show the delay was unreasonable and to show the causal connection between the confession and the delay. *Sallings v. State,* 789 S.W.2d 408, 414 (Tex.App.—Dallas 1990, pet. ref'd).

### 3. Application of Law to Facts

■ We conclude that the trial court abused its discretion in partially granting the motion to suppress. This case concerns an article 14.06 violation where appellee was brought before a Dallas County magistrate instead of a Collin County magistrate. Appellee does not complain that she failed to receive the proper admonishments from the Dallas County magistrate. Further, she does not contend that the statements made on the videotape were a confession or that she was persuaded to make them. The record shows that the videotaping officer made it clear to appellee that she could refuse to answer any question or to end the interview completely. Appellee fails to demonstrate that she was harmed by the article 14.06 violation or to show that there was any causal connection between her failure to be taken before a Collin County magistrate and the making of the statements on the videotape.[5]

### B. Appellee's Cross-point

■ The State appeals this case under article 44.01(a)(5) of the Texas Code of Criminal Procedure which allows it to bring an interlocutory appeal from the granting of a motion to suppress. Appellee gives no separate notice of appeal. After responding to the State's argument, she seeks review of a "cross-point" contending that the trial court erred by denying in part her motion to suppress because her arrest was

illegal. Appellee briefs the illegal arrest point without setting forth a jurisdictional statement or arguing her right to "cross-appeal" under article 44.01 of the Texas Code of Criminal Procedure. *See State v. Kost,* 785 S.W.2d 936 (Tex.App.—San Antonio 1990, pet. ref'd).

We find nothing in article 44.01 which entitles a defendant in a criminal case to an interlocutory appeal merely because the state appeals under such statute, or any law which grants this court the jurisdiction to entertain this particular appeal by the defendant-appellee.

> Article 44.01(j) provides in part: Nothing in this article is to interfere with the defendant's right to appeal under the procedures of 44.02 of this code . . .

Any right to appeal by a defendant or review of the ruling denying a motion to suppress is governed by provisions other than article 44.01.

*Kost,* 785 S.W.2d at 940.

The order granting the motion to suppress in part is reversed, and the cross-appeal is dismissed for lack of jurisdiction. Because of our disposition in the State's first point of error, we do not reach its second point of error.

---

**5.** Appellee additionally argues that the burden is on the State to show that the State falls within the exception to article 14.06. This exception provides that the taking of an accused to a

bordering county is permissible if it is more expeditious to providing the warnings set out in article 15.17. Because we conclude there is no harm, we do not reach this argument.