TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00495-CR







Lesroy Joseph, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 97-823-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING








 Appellant Lesroy Joseph appeals from the district court's denial of his motion to
suppress evidence and his subsequent conviction for the offense of possession of cocaine in an
amount of more than four grams with the intent to deliver. See Tex. Health & Safety Code Ann.
§ 481.112 (West Supp. 1999). At a pretrial hearing, Joseph moved to suppress the evidence,
claiming that it was seized during an illegal search. The district court denied Joseph's motion. 
A jury found Joseph guilty and assessed his punishment as enhanced at confinement in prison for
thirty-seven years. In his pro se appeal, Joseph challenges the sufficiency of the evidence and the
legality of the search of his person and residence, contending that the district court erroneously
admitted evidence illegally seized. He also contends that the district court improperly admitted
(i) a statement allegedly made by him in response to custodial interrogation; (ii) hearsay
statements of a witness; and (iii) testimony by a Department of Public Safety chemist on questions
of law. We affirm the trial court's judgment.


FACTS AND PROCEDURAL BACKGROUND

 On August 19, 1997, an evidentiary search warrant was issued for Joseph's
residence in the Northwest Apartments, a federally funded, low-income apartment building located
in Georgetown, Texas. While officers with the Georgetown Police Department were preparing
to execute the warrant at appellant's residence, they observed appellant drive slowly by the
housing project in his vehicle. He appeared to observe the officers and continue on past his
residence without stopping. Officer Pascoe, who was in an unmarked car, followed Joseph and
maintained surveillance of the car. Within a few blocks, as Joseph circled back around toward
his residence, the officer observed him commit two traffic offenses--driving in the center of the
roadway and failing to signal a left turn--and subsequently signaled him to stop. Pascoe patted
down Joseph, felt a bulky object in appellant's pocket, and found him to be in possession of over
$1400. Appellant was placed under arrest for the traffic violations and transported to his
residence where the officers entered the residence and executed the search warrant.

 Appellant was present while the search warrant was executed. The officers found
approximately ten grams of crack cocaine in a baggy in a kitchen drawer and some residue of
cocaine in a baggy in the bathroom. Appellant was indicted for possession of cocaine with intent
to deliver.


 Before trial, appellant filed motions to suppress evidence obtained during the search
of his person at the time of the traffic stop and of his residence pursuant to the search warrant. 
He also moved to suppress a statement allegedly made by him to Officer Pascoe at the time the
drugs were found. At trial, appellant objected to the introduction of the statement as well as the
$1400 seized from his person and the cocaine seized from his apartment. After a pre-trial hearing,
the district court carried the motions to trial and denied them at the close of the evidence.


DISCUSSION

Motions to Suppress

 In his first two issues, Joseph raises a series of legal challenges to the evidentiary
search warrant and the manner in which the search was conducted. Specifically, appellant asserts
that the warrant itself, as opposed to the affidavit attached to the warrant, did not adequately
identify the place to be searched and that he should have been served with a copy of the affidavit. 
 First, appellant complains that the search warrant failed to identify the place to be
searched as required by article 18.04 of the Code of Criminal Procedure. See Tex. Code Crim.
Proc. Ann. art. 18.04 (West 1977). State's exhibit 1 consists of the evidentiary search warrant,
an accompanying affidavit, and the return and inventory list. The location to be searched is
described in the affidavit and incorporated by reference into the search warrant. Article 18.04(2)
requires that a search warrant must sufficiently identify "as near as may be" the person, place or
thing to be searched. Id. art. 18.04(2). A warrant may describe the place to be searched by
incorporating by reference an affidavit that sets forth the required information. See Turner v.
State, 886 S.W.2d 859, 864 (Tex. App.--Beaumont 1994, pet. ref'd); Gonzales v. State, 743
S.W.2d 718, 719 (Tex. App.--Houston [14th Dist.] 1987, pet. ref'd). The affidavit in this case
set forth the address and place to be searched and was incorporated by reference into the search
warrant. In addition, article 18.06(b) requires only that the warrant and a written inventory be
served upon the owner of the premises to be searched. See Tex. Code Crim. Proc. Ann. art.
18.06(b) (West Supp. 1999). Moreover, appellant has not alleged that the failure to provide him
with a copy of the affidavit harmed him in any way. We hold that the warrant was valid and
properly served. Appellant's first two issues are overruled. 

 In evaluating the remaining issues regarding the motions to suppress, we shall
afford almost total deference to the trial court's determination of the historical facts that the record
supports. See Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App. 1998); Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

 Appellant contends that the $1400 seized from his person should have been
suppressed because his arrest as a result of traffic offenses was a subterfuge and that the $1400
is not the type of evidence that can be seized for traffic offenses. He asserts that the officer did
not have probable cause to stop his car and did not have probable cause to arrest him for any
violation of law. The facts here do not support his contentions.

 The initial stop of appellant's automobile was valid because it was premised on the
failure to signal a turn and failure to maintain a single lane of traffic in violation of highway laws. 
See Tex. Transp. Code Ann. §§ 545.104, .060 (West 1999). A violation of a traffic law is
sufficient authority for an officer to stop a vehicle, see Armitage v. State, 637 S.W.2d 936, 939
(Tex. Crim. App. 1982), and is not unlawful just because the officer had an ulterior motive for
making it. See Whren v. United States, 517 U.S. 806 (1996); Crittenden v. State, 899 S.W.2d
668, 674 (Tex. Crim. App. 1995). A pretext stop is an objectively valid stop for an allegedly
improper reason. The Court of Criminal Appeals has rejected the pretext stop doctrine under both
the federal and state constitutions. See Crittenden, 899 S.W.2d at 673-74 (state constitution);
Garcia v. State, 827 S.W.2d 937, 943-44 (Tex. Crim. App. 1992) (federal constitution).

 Moreover, an officer's observation of a traffic violation other than speeding is
probable cause to arrest the driver. See Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App.
1986). Such a violation can lead to a valid detention and warrantless arrest. See Tex. Transp.
Code Ann. § 543.001 ("Any peace officer may arrest without warrant a person found committing
a violation of this subtitle."). Thus, the officers had reasonable suspicion to stop appellant's car
and probable cause to arrest him.

 Appellant argues that even if the trial court found that the arrest was legal, the court
should have granted the motion to suppress the $1400 because "it is not the kind of evidence that
can be seized pursuant to an arrest for two traffic violations" and that it made appellant "look like
a drug dealer in the eyes of the jury." Appellant does not challenge the patdown for weapons by
Officer Pascoe. Officer Pascoe testified in the pretrial hearing that he had known appellant
personally for over half of his fifteen-year career in law enforcement. He was aware that
appellant was on parole and had previous arrests for robbery, family violence, and terroristic
threats. As he conducted the patdown, he felt a bulge in appellant's pants pocket. When he
investigated further, he discovered a large wad of cash.

 Once an officer has established probable cause for an arrest, the officer may
conduct a search of the person and the area within the person's immediate control. See Flores v.
State, 895 S.W.2d 435, 444-45 (Tex. App.--San Antonio 1995, no pet.). Moreover, a search
incident to an arrest may be conducted shortly before or after the arrest is made. As long as
probable cause exists to support the arrest, the officer may conduct the search. See Rawlings v.
Kentucky, 448 U.S. 98 (1980). In addition, the bills included marked money that had been used
in controlled buys in the four days preceding the search. We conclude that the seizure of the
$1400 was not improper.

 Appellant was handcuffed, advised of his rights, and taken to his apartment.
Appellant argues that, instead of being transported to his apartment for the execution of the
search, he should have been taken before a magistrate without any delay in compliance with
articles 14.06(a) and 15.17 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc.
Ann. arts. 14.06(a), 15.17 (West Supp. 1999). He contends that the State's failure to present him
before a magistrate until almost two hours after his arrest was calculated to induce a confession
or other inculpatory statement as he witnessed the search of his apartment. He further contends
that a statement made by him at the time the drugs were found in his apartment that "he only sold
crack to supplement his income for his two girls" should have been suppressed because it was the
product of an illegal detention.

 The State concedes that appellant was in custody at the time he made the oral
statement. They contend that the statement was given voluntarily at the time the drugs were found
and was not in response to interrogation. Appellant had been lawfully arrested and advised of his
rights prior to making the statement. Although an arrestee should be taken before a magistrate
without "unnecessary delay," it is well settled that the failure to take an arrestee before a
magistrate in a timely manner will not invalidate a confession unless there is proof of a causal
connection between the delay and the confession. See Cantu v. State, 842 S.W.2d 667, 679 (Tex.
Crim. App. 1992). The burden is on appellant to show the delay was unreasonable and to show
the causal connection between the confession and the delay. See State v. Vogel, 852 S.W.2d 567,
569-70 (Tex. App.--Dallas 1992, pet. ref'd). Further, an unreasonable delay in presenting an
arrestee before a magistrate will not vitiate an otherwise voluntary confession if the arrestee was
properly advised of his rights. See Cantu, 842 S.W.2d at 679. Here, the trial court found that
the statement was not a confession or given in response to custodial interrogation but was a
volunteered statement. (1) Our review of the record convinces us that the trial court did not err in
allowing the statement into evidence. The trial court made specific findings that appellant's
statement was voluntary and not in response to custodial interrogation, and the evidence supports
those findings. The issue is overruled.

 In sum, the officer had probable cause to stop the car and to arrest the driver
because the officer observed a traffic violation other than speeding. The search of appellant's
person was permissible as a protective search for safety or as a search incident to arrest. The
$1400 was properly seized. The trial court further found that the statement made by appellant was 
not the product of custodial interrogation. Because we find that the trial court's findings do not
fall outside the zone of reasonable disagreement, we will not disturb its findings. We hold that
the trial court did not err by overruling appellant's motions to suppress.


Sufficiency of the Evidence

 Joseph contends that the evidence is insufficient to support the conviction because
the State failed to provide sufficient evidence (i) to link him to the drugs found in his residence,
(ii) to establish that the weight of the drugs was more than four grams and (iii) to establish that
he had any intent to deliver.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d
154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The jury
is the exclusive judge of the credibility of witnesses and the weight to be given their testimony and
is free to accept or reject all or any part of any witness's testimony. See Adelman v. State, 828
S.W.2d 418, 421 (Tex. Crim. App. 1992). The jury may draw reasonable inferences and make
reasonable deductions from the evidence. See Benavides v. State, 763 S.W.2d 587, 588-89 (Tex.
App.--Corpus Christi 1988, pet. ref'd). The jury reconciles any evidentiary conflicts. See Miller
v. State, 909 S.W.2d 586, 593 (Tex. App.--Austin 1995, no pet.).

 The evidence at trial established that Joseph had lived in the Northwest Apartments
with his two young daughters for the preceding year. The apartment manager testified that Joseph
worked at a nursing home and, based on his annual income of $6600, was entitled to receive
rental assistance. He paid monthly rent of $90. The manager testified that she had received
complaints from other tenants of "excessive comings and goings at the apartment at all hours of
the day and night." The evidence showed that a search warrant was issued based upon the
probable cause that (i) neighbors had complained to police about possible narcotics trafficking at
Joseph's residence and (ii) an informant had purchased cocaine in controlled buys from Joseph
at his residence on two occasions in the week before the execution of the search warrant. In a
search of Joseph's apartment, police found 10.35 grams of crack cocaine in a kitchen drawer and
a baggy containing residue of cocaine in his bathroom. In addition, appellant was found in
possession of $1400 in small denominations at the time of his arrest. Included among the $1400
was $50 in marked money that had been provided by the police officers to the informant to make
a controlled buy from Joseph.

 In sum, Joseph was the sole occupant of the apartment except for his two young
daughters. The police conducted an undercover operation in which an informant purchased
cocaine from appellant at his apartment on two occasions. The informant testified at trial that he
purchased the drugs directly from appellant in the two controlled buys as well as on other
occasions. The police found cocaine valued at $2000 in appellant's apartment and marked money
on his person. Even without appellant's statement at the time the drugs were found, a rational
trier of fact could have found beyond a reasonable doubt that the drugs were under Joseph's
custody and control and that, based on the controlled buys, he had the requisite intent to deliver. 
In addition, a chemist testified that the amount of cocaine seized exceeded four grams. Viewing
the evidence in the light most favorable to the jury's verdict, a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. The evidence in the case
was legally sufficient to support the jury's verdict. Appellant's issue is overruled.

 Although we construe appellant's challenge to the evidence as contesting its legal
sufficiency, we review as well the factual sufficiency of the evidence. In reviewing factual
sufficiency, we view all the evidence without the prism of in the light most favorable to the
prosecution, and we set aside the jury's verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996). Importantly, factual sufficiency reviews take into consideration all
of the evidence, and we weigh the evidence which tends to prove the existence of the fact in
dispute against the contradictory evidence. See id. at 131-32. But, to avoid intruding upon the
jury's role as arbiter of the evidence, a factual sufficiency review remains deferential to the jury's
verdict. See id. at 133. That a different verdict would be more reasonable is, therefore,
insufficient to justify reversal; the jury's verdict will be upheld, unless it is so "against the great
weight of the evidence" that it is "clearly wrong and unjust." Id. at 135.

 Appellant argues that the evidence supports the hypothesis that the drugs were
planted in his apartment--either by the police, the informant, or some other third person--and that
the informant testified out of animus toward appellant or a relative of appellant. Although
appellant did not testify, he sought to establish through examination of the informant and police
officers that they had the motive and opportunity to plant the drugs in his apartment. While this
possibility is not foreclosed by the evidence, we are not free to reweigh the evidence. See id.;
Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). We must maintain
appropriate deference to the jury's verdict by finding error only when the verdict is so against the
great weight of the evidence as to be clearly wrong and unjust. See Reina, 940 S.W.2d at 773. 
Upon review of the entire record and giving due deference to the jury verdict, we conclude that
it was not so against the great weight of the evidence as to be clearly wrong and unjust. 
Appellant's challenge to the factual sufficiency of the evidence is overruled. 


Other Evidentiary Issues

 Appellant next complains that the trial court improperly admitted testimony by the
apartment manager that constituted inadmissible hearsay. Specifically, Joseph argues that the
manager should not have been permitted to testify about complaints of excessive traffic at
appellant's apartment made to her by two neighboring tenants. The manager testified: "I told him
that I had had complaints about excessive traffic at his house at all hours of the day and night, and
was there something going on in his apartment that I needed to be concerned about." As a
consequence of the complaints, the manager alerted the Georgetown Police Department, which
led to the issuance of the search warrant. The State argues that the statement was not hearsay and,
in any event, did not affect appellant's substantial rights. We agree.

 Hearsay is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter asserted. See Tex. R. Evid.
801(d). Since the statement was offered to show the events that led the residents to seek police
intervention, we conclude that it was not hearsay. Even if the statement constituted hearsay, it
did not have a substantial and injurious effect or influence in determining the jury's verdict. We
overrule the issue.

 In appellant's final two issues, he contends that the chemist for the Department of
Public Safety, Dennis Ramsey, should not have been allowed to testify regarding the difference
between the legal definition of adulterants and dilutants and the scientific or chemical definition. 
Because Ramsey also testified that the 10.35 grams of cocaine found in appellant's apartment
contained substances in addition to cocaine, appellant also challenges whether the amount of the
cocaine exceeded four grams.

 Ramsey, a chemist in toxicology for the Department's crime laboratory in Austin,
testified that the substance found in appellant's apartment was cocaine in an amount of 10.35
grams. He also testified that the cocaine included two "degradation products" which comprised
less than one per cent of the substance. Although Ramsey distinguished degradation products
from adulterants and dilutants, he testified that "degradation products" qualified as adulterants or
dilutants under the controlled substance laws. The statute now defines adulterants and dilutants
to mean any material that increases the bulk or quantity of a controlled substance, regardless of
its effect on the chemical activity of the controlled substance. See Tex. Health & Safety Code
Ann. § 481.002 (49) (West Supp. 1998). Any material that increases the bulk or quantity of the
controlled substance is by statutory definition an adulterant or dilutant. Therefore all of the
material possessed by appellant in addition to cocaine was an adulterant or dilutant. See Williams
v. State, 936 S.W.2d 399, 405 (Tex. App.--Fort Worth 1996, pet. ref'd).

 Here, the State's expert testified that the weight of the total substance, as statutorily
defined, was 10.35 grams and that it contained a degraded product that he further identified by
its chemical name. In addition, the degraded product was less than one per cent of the total
weight of the product. A rational trier of fact could have found beyond a reasonable doubt that
the amount of cocaine involved was more than four grams. In addition, the testimony of the
chemist regarding degraded product, adulterants, and dilutants was relevant to the jury's
determination of the identity and weight of the substance and was therefore admissible. Both
issues are overruled.


CONCLUSION

 We hold that the searches of the person and the residence were valid and the
evidence seized was therefore admissible. We overrule appellant's issues and affirm the judgment
of conviction.

 

 

 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 30, 1999

Do Not Publish

1. Appellant fails to demonstrate any connection between the statement and the delay in
taking him before the magistrate. Even if we held the delay unreasonable, the delay would not
affect the admissibility of a volunteered statement or even a confession if the arrestee had been
properly advised of his Miranda rights. The evidence at trial established that Joseph was advised
of his rights at the time of the traffic stop and again when the drugs were found in his residence. 


 STYLE="font-family: CG Times Regular"> Hearsay is a statement, other than one made by the declarant while testifying at the
trial or hearing, offered in evidence to prove the truth of the matter asserted. See Tex. R. Evid.
801(d). Since the statement was offered to show the events that led the residents to seek police
intervention, we conclude that it was not hearsay. Even if the statement constituted hearsay, it
did not have a substantial and injurious effect or influence in determining the jury's verdict. We
overrule the issue.

 In appellant's final two issues, he contends that the chemist for the Department of
Public Safety, Dennis Ramsey, should not have been allowed to testify regarding the difference
between the legal definition of adulterants and dilutants and the scientific or chemical definition. 
Because Ramsey also testified that the 10.35 grams of cocaine found in appellant's apartment
contained substances in addition to cocaine, appellant also challenges whether the amount of the
cocaine exceeded four grams.

 Ramsey, a chemist in toxicology for the Department's crime laboratory in Austin,
testified that the substance found in appellant's apartment was cocaine in an amount of 10.35
grams. He also testified that the cocaine included two "degradation products" which comprised
less than one per cent of the substance. Although Ramsey distinguished degradation products
from adulterants and dilutants, he testified that "degradation products" qualified as adulterants or
dilutants under the controlled substance laws. The statute now defines adulterants and dilutants
to mean any material that increases the bulk or quantity of a controlled substance, regardless of
its effect on the chemical activity of the controlled substance. See Tex. Health &amp