NO. 07-10-00352-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
18, 2011

 



 

MICHAEL RANDALL, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 100TH DISTRICT COURT OF
DONLEY COUNTY;

 

NO. DCR-09-3645; HONORABLE STUART MESSER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

            Appellant,
Michael Randall, was convicted of the offense of sexual assault of a child[1]
and sentenced to serve a term of confinement of 13 years in the Institutional
Division of the Texas Department of Criminal Justice (ID-TDCJ) and pay a fine
of $3,000.  Appellant appeals his
conviction, contending through three issues that the trial court erred in
denying his motion to suppress his confession and by twice denying his motions
for mistrial.  We will affirm.

 

Factual and Procedural Background

            Appellant
is not contesting the sufficiency of the evidence to sustain the jury’s verdict
and judgment of the trial court. 
Therefore, only such of the facts as are necessary to understand the
opinion will be recited.  On May 29,
2009, the victim of the sexual assault, M.G., returned to the apartment where
she lived with her grandmother.  After
arriving home, M.G. had showered and gotten dressed when she heard someone come
in the apartment.  When she went to the
front of the apartment to see if her cousin had come to see her, she found
appellant inside the apartment.  M.G.
testified that she told appellant to leave and he refused.  Subsequently, appellant grabbed M.G. and, after
fondling her breasts, took her into the bedroom where he committed the sexual
assault by penetrating her vagina digitally and with his penis.  After appellant left the scene, M.G.
subsequently advised a friend what had occurred.  At the friend’s insistence, M.G. contacted
her uncle, who took her directly to the Donley County Sheriff’s office to
report the offense.  

            M.G.
gave a statement to the sheriff and was taken to Amarillo for an examination by
a sexual assault nurse examiner (SANE). 
The sheriff and his chief deputy took a proposed complaint and M.G.’s
statement to a justice of the peace in Donley County and a warrant was issued
for appellant’s arrest for the offense of burglary of a habitation with intent
to commit sexual assault of a child.[2]  Appellant was arrested the same afternoon the
warrant was issued.

            At
the time of his arrest, appellant was read his Miranda[3]
rights.  Appellant was taken to the
Donley County jail and booked in, where he was again read his Miranda
rights.  The testimony at trial revealed
that, on each of the first two occasions, the officers involved had to stop
appellant from talking in order to read him his Miranda rights.  After being booked into jail, appellant was
brought to the sheriff for an interview. 
Shortly after beginning the interview, appellant gave a voluntary
statement to the sheriff in which he admitted he had penetrated M.G.’s vagina
digitally and with his penis.  The
voluntary statement form contained written warnings regarding appellant’s
rights pursuant to both Miranda and article 38.22 of the Texas Code of
Criminal Procedure.  See Tex. Code of Crim. Proc. Ann. art.
38.22 (West 2005).[4]  

Appellant filed a motion to suppress
his statement.  A hearing was conducted
on the motion to suppress, and appellant’s single contention was that he was
not taken before a magistrate in a timely fashion as required by the Code of
Criminal Procedure.  See art.
15.17 (West Supp. 2010).  The trial court
overruled appellant’s motion to suppress, and the matter was tried before a
jury.  The jury convicted appellant of
the lesser-included offense of sexual assault of a child, and it is from this
conviction that appellant appeals. 

Appellant contends that the trial
court erred in three particulars.  First,
appellant says the trial court committed error when it failed to suppress the
statement taken from appellant.  Second,
appellant contends that, after the State argued that he had prior dealings with
the sheriff’s office in closing arguments, the trial court erred when it failed
to grant his motion for a mistrial. 
Finally, appellant contends that the trial court should have granted a
second motion for mistrial requested after the State referred to him as a
“shark” and as “evil.”  We disagree with
appellant’s contentions and will affirm.

Suppression of Statement

Standard of Review

To review the denial of a motion to
suppress, we apply a bifurcated standard of review.  See Hubert v. State, 312 S.W.3d
554, 559 (Tex.Crim.App. 2010).  We review
the trial court’s application of the law to the facts de novo.  Id.  However, we defer to the trial court’s
determination of credibility and historical fact.  Id. 
Because the trial court is in the position to see the witnesses testify
and to evaluate their credibility, we must view the evidence in the light most
favorable to the trial court’s ruling.  See
Wiede v. State, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007).  When, as here, no findings of fact were
requested nor filed, we view the evidence in the light most favorable to the
trial court’s ruling and assume the trial court made implicit findings of fact
supported by the record.  See State
v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000).  The trial court’s ruling will be upheld if it
is reasonably supported by the record and is correct under any theory of law
applicable to the case.  See Ramos
v. State, 245 S.W.3d 410, 418 (Tex.Crim.App. 2008). 

 

 

Applicable Law

            Article
15.17 of the Texas Code of Criminal Procedure requires that one making an
arrest take the arrestee before a magistrate without unnecessary delay.  See art. 15.17.[5]  However, it is well-settled that the failure
to take an arrestee before a magistrate in a timely manner will not invalidate
a confession unless there is proof of a causal connection between the delay and
the confession.  See Cantu v.
State, 842 S.W.2d 667, 680 (Tex.Crim.App. 1992).

            Additionally,
article 38.22 provides that a statement by the accused may be used when the
evidence shows that, in lieu of the warnings by the magistrate pursuant to
article 15.17, the person to whom the statement was given has warned the accused
that

(1)  he has the right to remain silent and not to make any statement
at all and that any statement he makes maybe used against him at his trial;

 

(2)  any statement he makes may be used as evidence against
him in court; 

 

(3)  he has the right to have a lawyer present to advise him
prior to and during any questioning;

 

(4)  if he is unable to employ a lawyer, he has the right to
have a lawyer appointed to advise him prior to and during any questioning; and

 

(5)  he has the right to terminate the interview at any
time.

Art. 38.22.

 

Analysis

            Our
review of the record reveals three salient points.  First, appellant was arrested at
approximately 2:30 in the afternoon on Friday, May 29, 2009.  Appellant was taken before a magistrate at
2:50 p.m. on Sunday, May 31, 2009. 
Second, that appellant was read his Miranda rights on at least
two occasions prior to being interviewed for the purposes of a statement.  The first time was when appellant was booked
into jail, and the second time was when the sheriff had appellant brought to
his office for the purpose of interrogation. 
Finally, when appellant gave his statement, he executed a written waiver
and initialed each of his warnings prior to signing the statement.

            If
we assume that the time line recited above is correct, then appellant was taken
before the magistrate some 20 minutes after the 48 hour deadline mentioned in
article 15.17.  See art.
15.17.  However, having reviewed the
record of the suppression hearing and the entire trial, we have found nothing
indicating any causal connection between the delay and the confession.  See Cantu, 842 S.W.2d at
680.  It is the appellant’s burden to
show this causal connection.  See State
v. Vogel, 852 S.W.2d 567, 570 (Tex.App.—Dallas 1992, pet. ref’d) (citing Sallings
v. State, 789 S.W.2d 408, 414 (Tex.App.—Dallas 1990, pet. ref’d)).  

            On
the other hand, the record clearly demonstrates that appellant was given his Miranda
rights on at least three occasions before he signed the confession.  Even if we assume a violation of the article
15.17 requirement, advising appellant of his rights under Miranda
results in the confession being admissible for all purposes.  See Fletcher v. State, 960
S.W.2d 694, 701 (Tex.App.—Tyler 1997, no pet.) (citing Boyd v. State,
811 S.W.2d 105, 125 (Tex.Crim.App. 1991)).

            Because
there is no showing of any causal connection between the failure to take
appellant to a magistrate within 48 hours and his giving of a statement after
his Miranda rights were explained to him, we overrule appellant’s first
issue.

Motions for Mistrial

            By
his second and third issues, appellant contends the trial court committed
reversible error in denying his motions for mistrial during final
arguments.  We will analyze each instance
of the request for a mistrial separately.

Standard of Review

            A mistrial is an extreme remedy that is reserved for a
very narrow classification of circumstances involving highly prejudicial and
incurable errors.  See Ocon v.
State, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009).  A mistrial is used to halt proceedings when
the error involved makes the expenditure of further time and expense wasteful
and futile.  Id.  The decision to grant a mistrial is governed
by the particular facts of the case.  Id.  A trial court’s decision to deny a motion for
mistrial is reviewed under an abuse of discretion standard.  Id. 
The denial of the motion for mistrial must be upheld if it was within
the zone of reasonable disagreement.  Id.

 

 

Law Applicable to Jury Argument

            Permissible
jury argument by the State falls into one of four general areas: 1) summation
of the evidence presented at trial, 2) a reasonable deduction drawn from that
evidence, 3) answer to the opposing counsel’s argument, or 4) a plea for law
enforcement.  See Jackson v.
State, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000).  To determine whether jury argument properly falls
within one of these categories, we must consider the argument in light of the
record as a whole.  Weinn v. State,
281 S.W.3d 633, 640 (Tex.App.—Amarillo 
2009, pet. ref’d).  To constitute
reversible error, the argument must be extreme or manifestly improper,
violative of a mandatory statute, or have injected new facts, harmful to the
accused, into the trial proceedings.  Id.  The argument must be considered within the
context in which it appears.  Id.

First Request for Mistrial

            During
closing arguments, the State made the following statement:

What did Chief Deputy Bond say?  [The appellant] started rubbing his head, and
he knew that - - he knew what that meant, because he has dealt with the
Defendant before.

Appellant’s trial counsel immediately
objected and at a bench conference requested a mistrial because the State had
indicated that appellant had been in trouble before.  A review of the deputy’s testimony shows
that, during his direct testimony, he testified that while he was booking
appellant, appellant attempted to make an oral statement.  The deputy told him not to say anything until
his rights were read to him.  Appellant
continued to try and talk to the deputy. 
The deputy testified that appellant was “rubbing his head like this, and
he said: Oh, I’m in trouble.  I’m in
trouble.”  Later, during
cross-examination, the following questioning of the deputy occurred:

Q. Now, you say that Michael was rubbing his head a lot.

A. That’s right.

Q. Do you know Michael to do that a lot?

A. Yeah, if Michael is in trouble, Michael gets
excited; he gets nervous, and starts rubbing on his head, that’s right.

From our review of the evidence, it appears that the State’s
argument falls into the permitted category of a summation of the evidence
received, without objection, during the trial. 
See Jackson, 17 S.W.3d at 673.  As such, the trial court could not have abused
its discretion by overruling appellant’s objection to the argument.  See Ocon, 284 S.W.3d at
884.  Accordingly, appellant’s second
issue is overruled.

Second Request for a Mistrial

            Later,
during the State’s closing argument the following statement was made:

Defense counsel is right.  She is not 21; she is not 18; she is not
17.  She is 16 now.  She was 15 years old.  She had just finished her freshman year, and
she was raped by that person sitting right there staring at you right now.  That’s the shark.  That’s the evil.

Appellant’s
counsel objected to the State’s reference to appellant as evil.  Counsel requested an instruction to the jury,
which the trial court denied, and then moved for a mistrial, which the trial
court also denied.  Appellant now contends
that the State’s reference to “shark” and “evil” was impermissible jury
argument that should have resulted in a mistrial.  

            As
to the “shark” reference, our review of the record leads to the conclusion that
was not part of appellant’s objection.  Appellant’s counsel specifically objected to
the State’s referring to appellant as evil with no mention of the “shark”
reference.  To the extent that this is
now part of appellant’s argument, the point was not preserved for appeal.  See Tex.
R. App. P. 33.1(a)(1).

            As
to the reference to appellant as evil, we note that this was a single
occurrence during the State’s closing argument. 
For purposes of this argument, we will assume the law supports
appellant’s position that this was an improper argument.[6]  Appellant should not have been referred to by
any name or term other than his given name or nickname, and it is not proper to
refer to him by a derogatory term designed to subject appellant to personal
abuse.  See Schumacher v. State,
72 S.W.3d 43, 49 (Tex.App.—Texarkana 2001, pet. ref’d).  However, the fact that it was improper and
that the trial court erred in not sustaining the objection does not lead to the
conclusion that the single occurrence should result in reversal of the
conviction.  Much as our sister court in
Eastland decided in Ponce v. State, we find that the single mention of
the offending word was not such an extreme error as to deny appellant of a fair
and impartial trial.  299 S.W.3d 167, 175
(Tex.App.—Eastland 2009, no pet.).  This
argument did not inject any new or harmful facts into the case.  When we review the complete record, we find
the evidence of appellant’s guilt to be of such a nature that the single
utterance of the word “evil” in reference to appellant cannot be said to have
affected appellant’s substantial rights. 
See Tex. R. App. P.
44.2(b).  Therefore, the trial court did
not abuse its discretion by denying appellant’s motion for a mistrial because
the error involved did not make the expenditure of further time and expense wasteful
and futile.  See Ocon, 284
S.W.3d at 884.  Accordingly, we overrule
appellant’s third issue.

Conclusion

            Having
overruled appellant’s issues, we affirm the judgment of the trial court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.

 

 











[1]
See
Tex. Penal Code Ann. §
22.011(a)(2)(A) (West 2011).





[2]
See
Tex. Penal Code Ann. § 30.02(a)
(West 2011).

 





[3]
See
Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

 





[4]
Further reference to the Texas Code of Criminal
Procedure will be by reference to “article ___” or “art. ___.”





[5]
Article 15.17 provides in its relevant part that,
“[i]n each case enumerated in this Code, the person making the arrest or person
having custody of the person arrested shall without unnecessary delay, but not
later than 48 hours after the person is arrested, take the person arrested . .
. before some magistrate of the county where the accused was arrested.”





[6] But see Araiza v. State, No.
07-06-0474-CR, 2008 Tex. App. LEXIS 9521 at *7 (Tex.App.—Amarillo Dec. 19,
2008, pet. ref’d) (mem. op., not designated for publication) (citing Kennedy
v. State, 193 S.W.3d 645, 657 (Tex.App.—Fort Worth 2006, pet. ref’d)).