NO. 07-10-00352-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 18, 2011

MICHAEL RANDALL, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 100TH DISTRICT COURT OF DONLEY COUNTY;

NO. DCR-09-3645; HONORABLE STUART MESSER, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Michael Randall, was convicted of the offense of sexual assault of a child[1] and sentenced to serve a term of confinement of 13 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ) and pay a fine of $3,000. Appellant appeals his conviction, contending through three issues that the trial court erred in denying his motion to suppress his confession and by twice denying his motions for mistrial. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011).

Factual and Procedural Background

Appellant is not contesting the sufficiency of the evidence to sustain the jury's verdict and judgment of the trial court. Therefore, only such of the facts as are necessary to understand the opinion will be recited. On May 29, 2009, the victim of the sexual assault, M.G., returned to the apartment where she lived with her grandmother. After arriving home, M.G. had showered and gotten dressed when she heard someone come in the apartment. When she went to the front of the apartment to see if her cousin had come to see her, she found appellant inside the apartment. M.G. testified that she told appellant to leave and he refused. Subsequently, appellant grabbed M.G. and, after fondling her breasts, took her into the bedroom where he committed the sexual assault by penetrating her vagina digitally and with his penis. After appellant left the scene, M.G. subsequently advised a friend what had occurred. At the friend's insistence, M.G. contacted her uncle, who took her directly to the Donley County Sheriff's office to report the offense.

M.G. gave a statement to the sheriff and was taken to Amarillo for an examination by a sexual assault nurse examiner (SANE). The sheriff and his chief deputy took a proposed complaint and M.G.'s statement to a justice of the peace in Donley County and a warrant was issued for appellant's arrest for the offense of burglary of a habitation with intent to commit sexual assault of a child.[2] Appellant was arrested the same afternoon the warrant was issued.

---

[2] See TEX. PENAL CODE ANN. § 30.02(a) (West 2011).

At the time of his arrest, appellant was read his <u>Miranda</u>[3] rights. Appellant was taken to the Donley County jail and booked in, where he was again read his <u>Miranda</u> rights. The testimony at trial revealed that, on each of the first two occasions, the officers involved had to stop appellant from talking in order to read him his <u>Miranda</u> rights. After being booked into jail, appellant was brought to the sheriff for an interview. Shortly after beginning the interview, appellant gave a voluntary statement to the sheriff in which he admitted he had penetrated M.G.'s vagina digitally and with his penis. The voluntary statement form contained written warnings regarding appellant's rights pursuant to both <u>Miranda</u> and article 38.22 of the Texas Code of Criminal Procedure. <u>See</u> TEX. CODE OF CRIM. PROC. ANN. art. 38.22 (West 2005).[4]

Appellant filed a motion to suppress his statement. A hearing was conducted on the motion to suppress, and appellant's single contention was that he was not taken before a magistrate in a timely fashion as required by the Code of Criminal Procedure. <u>See</u> art. 15.17 (West Supp. 2010). The trial court overruled appellant's motion to suppress, and the matter was tried before a jury. The jury convicted appellant of the lesser-included offense of sexual assault of a child, and it is from this conviction that appellant appeals.

Appellant contends that the trial court erred in three particulars. First, appellant says the trial court committed error when it failed to suppress the statement taken from appellant. Second, appellant contends that, after the State argued that he had prior

---

[3] <u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[4] Further reference to the Texas Code of Criminal Procedure will be by reference to "article ___" or "art. ___."

3

dealings with the sheriff's office in closing arguments, the trial court erred when it failed to grant his motion for a mistrial. Finally, appellant contends that the trial court should have granted a second motion for mistrial requested after the State referred to him as a "shark" and as "evil." We disagree with appellant's contentions and will affirm.

Suppression of Statement

Standard of Review

To review the denial of a motion to suppress, we apply a bifurcated standard of review. See Hubert v. State, 312 S.W.3d 554, 559 (Tex.Crim.App. 2010). We review the trial court's application of the law to the facts *de novo.* Id. However, we defer to the trial court's determination of credibility and historical fact. Id. Because the trial court is in the position to see the witnesses testify and to evaluate their credibility, we must view the evidence in the light most favorable to the trial court's ruling. See Wiede v. State, 214 S.W.3d 17, 24 (Tex.Crim.App. 2007). When, as here, no findings of fact were requested nor filed, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact supported by the record. See State v. Ross, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). The trial court's ruling will be upheld if it is reasonably supported by the record and is correct under any theory of law applicable to the case. See Ramos v. State, 245 S.W.3d 410, 418 (Tex.Crim.App. 2008).

4

<u>Applicable Law</u>

Article 15.17 of the Texas Code of Criminal Procedure requires that one making an arrest take the arrestee before a magistrate without unnecessary delay.  <u>See</u> art. 15.17.[5]  However, it is well-settled that the failure to take an arrestee before a magistrate in a timely manner will not invalidate a confession unless there is proof of a causal connection between the delay and the confession.  <u>See</u> <u>Cantu v. State</u>, 842 S.W.2d 667, 680 (Tex.Crim.App. 1992).

Additionally, article 38.22 provides that a statement by the accused may be used when the evidence shows that, in lieu of the warnings by the magistrate pursuant to article 15.17, the person to whom the statement was given has warned the accused that

(1) he has the right to remain silent and not to make any statement at all and that any statement he makes maybe used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time.

Art. 38.22.

---

[5] Article 15.17 provides in its relevant part that, "[i]n each case enumerated in this Code, the person making the arrest or person having custody of the person arrested shall without unnecessary delay, but not later than 48 hours after the person is arrested, take the person arrested . . . before some magistrate of the county where the accused was arrested."

<u>Analysis</u>

Our review of the record reveals three salient points. First, appellant was arrested at approximately 2:30 in the afternoon on Friday, May 29, 2009. Appellant was taken before a magistrate at 2:50 p.m. on Sunday, May 31, 2009. Second, that appellant was read his <u>Miranda</u> rights on at least two occasions prior to being interviewed for the purposes of a statement. The first time was when appellant was booked into jail, and the second time was when the sheriff had appellant brought to his office for the purpose of interrogation. Finally, when appellant gave his statement, he executed a written waiver and initialed each of his warnings prior to signing the statement.

If we assume that the time line recited above is correct, then appellant was taken before the magistrate some 20 minutes after the 48 hour deadline mentioned in article 15.17. <u>See</u> art. 15.17. However, having reviewed the record of the suppression hearing and the entire trial, we have found nothing indicating any causal connection between the delay and the confession. <u>See</u> <u>Cantu</u>, 842 S.W.2d at 680. It is the appellant's burden to show this causal connection. <u>See</u> <u>State v. Vogel</u>, 852 S.W.2d 567, 570 (Tex.App.—Dallas 1992, pet. ref'd) (citing <u>Sallings v. State</u>, 789 S.W.2d 408, 414 (Tex.App.—Dallas 1990, pet. ref'd)).

On the other hand, the record clearly demonstrates that appellant was given his <u>Miranda</u> rights on at least three occasions before he signed the confession. Even if we assume a violation of the article 15.17 requirement, advising appellant of his rights under <u>Miranda</u> results in the confession being admissible for all purposes. <u>See</u> <u>Fletcher</u>

6

v. State, 960 S.W.2d 694, 701 (Tex.App.—Tyler 1997, no pet.) (citing Boyd v. State, 811 S.W.2d 105, 125 (Tex.Crim.App. 1991)).

Because there is no showing of any causal connection between the failure to take appellant to a magistrate within 48 hours and his giving of a statement after his Miranda rights were explained to him, we overrule appellant's first issue.

## Motions for Mistrial

By his second and third issues, appellant contends the trial court committed reversible error in denying his motions for mistrial during final arguments.  We will analyze each instance of the request for a mistrial separately.

### Standard of Review

A mistrial is an extreme remedy that is reserved for a very narrow classification of circumstances involving highly prejudicial and incurable errors.  See Ocon v. State, 284 S.W.3d 880, 884 (Tex.Crim.App. 2009).  A mistrial is used to halt proceedings when the error involved makes the expenditure of further time and expense wasteful and futile.  Id.  The decision to grant a mistrial is governed by the particular facts of the case.  Id.  A trial court's decision to deny a motion for mistrial is reviewed under an abuse of discretion standard.  Id.  The denial of the motion for mistrial must be upheld if it was within the zone of reasonable disagreement.  Id.

Law Applicable to Jury Argument

Permissible jury argument by the State falls into one of four general areas: 1) summation of the evidence presented at trial, 2) a reasonable deduction drawn from that evidence, 3) answer to the opposing counsel's argument, or 4) a plea for law enforcement. See Jackson v. State, 17 S.W.3d 664, 673 (Tex.Crim.App. 2000). To determine whether jury argument properly falls within one of these categories, we must consider the argument in light of the record as a whole. Weinn v. State, 281 S.W.3d 633, 640 (Tex.App.—Amarillo 2009, pet. ref'd). To constitute reversible error, the argument must be extreme or manifestly improper, violative of a mandatory statute, or have injected new facts, harmful to the accused, into the trial proceedings. Id. The argument must be considered within the context in which it appears. Id.

First Request for Mistrial

During closing arguments, the State made the following statement:

What did Chief Deputy Bond say? [The appellant] started rubbing his head, and he knew that - - he knew what that meant, because he has dealt with the Defendant before.

Appellant's trial counsel immediately objected and at a bench conference requested a mistrial because the State had indicated that appellant had been in trouble before. A review of the deputy's testimony shows that, during his direct testimony, he testified that while he was booking appellant, appellant attempted to make an oral statement. The deputy told him not to say anything until his rights were read to him. Appellant continued to try and talk to the deputy. The deputy testified that appellant was "rubbing

8

his head like this, and he said: Oh, I'm in trouble. I'm in trouble." Later, during cross-examination, the following questioning of the deputy occurred:

> Q. Now, you say that Michael was rubbing his head a lot.
>
> A. That's right.
>
> Q. Do you know Michael to do that a lot?
>
> A. Yeah, if Michael is in trouble, Michael gets excited; he gets nervous, and starts rubbing on his head, that's right.

From our review of the evidence, it appears that the State's argument falls into the permitted category of a summation of the evidence received, without objection, during the trial. See Jackson, 17 S.W.3d at 673. As such, the trial court could not have abused its discretion by overruling appellant's objection to the argument. See Ocon, 284 S.W.3d at 884. Accordingly, appellant's second issue is overruled.

Second Request for a Mistrial

> Later, during the State's closing argument the following statement was made:
>
> Defense counsel is right. She is not 21; she is not 18; she is not 17. She is 16 now. She was 15 years old. She had just finished her freshman year, and she was raped by that person sitting right there staring at you right now. That's the shark. That's the evil.

Appellant's counsel objected to the State's reference to appellant as evil. Counsel requested an instruction to the jury, which the trial court denied, and then moved for a mistrial, which the trial court also denied. Appellant now contends that the State's reference to "shark" and "evil" was impermissible jury argument that should have resulted in a mistrial.

9

As to the "shark" reference, our review of the record leads to the conclusion that was not part of appellant's objection. Appellant's counsel specifically objected to the State's referring to appellant as evil with no mention of the "shark" reference. To the extent that this is now part of appellant's argument, the point was not preserved for appeal. See TEX. R. APP. P. 33.1(a)(1).

As to the reference to appellant as evil, we note that this was a single occurrence during the State's closing argument. For purposes of this argument, we will assume the law supports appellant's position that this was an improper argument.[6] Appellant should not have been referred to by any name or term other than his given name or nickname, and it is not proper to refer to him by a derogatory term designed to subject appellant to personal abuse. See Schumacher v. State, 72 S.W.3d 43, 49 (Tex.App.—Texarkana 2001, pet. ref'd). However, the fact that it was improper and that the trial court erred in not sustaining the objection does not lead to the conclusion that the single occurrence should result in reversal of the conviction. Much as our sister court in Eastland decided in Ponce v. State, we find that the single mention of the offending word was not such an extreme error as to deny appellant of a fair and impartial trial. 299 S.W.3d 167, 175 (Tex.App.—Eastland 2009, no pet.). This argument did not inject any new or harmful facts into the case. When we review the complete record, we find the evidence of appellant's guilt to be of such a nature that the single utterance of the word "evil" in reference to appellant cannot be said to have affected appellant's substantial rights. See TEX. R. APP. P. 44.2(b). Therefore, the trial court did not abuse its discretion by

---

[6] But see Araiza v. State, No. 07-06-0474-CR, 2008 Tex. App. LEXIS 9521 at *7 (Tex.App.—Amarillo Dec. 19, 2008, pet. ref'd) (mem. op., not designated for publication) (citing Kennedy v. State, 193 S.W.3d 645, 657 (Tex.App.—Fort Worth 2006, pet. ref'd)).

denying appellant's motion for a mistrial because the error involved did not make the expenditure of further time and expense wasteful and futile.  See Ocon, 284 S.W.3d at 884.  Accordingly, we overrule appellant's third issue.

Conclusion

Having overruled appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice



Do not publish.